IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DUFFY, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| AQUA AMERICA, INC., t/a AQUA | : | |
| PENNSYLVANIA, BILL MILLER, | : | |
| SHANTE CHILDS AND MIKE FILI, | : | |
|     Defendants. | : | JURY TRIAL DEMANDED |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

    This is an action for an award for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Michael Duffy (hereinafter "Duffy" or "Plaintiff"). Duffy was an employee of Aqua America, Inc., t/a Aqua Pennsylvania, in Bryn Mawr, Pennsylvania, who has been harmed by the disability-based discrimination, failure to accommodate an actual or perceived disability, and retaliatory practices as well as other improper conduct by Defendant, Aqua America, Inc., t/a Aqua Pennsylvania (hereinafter "Aqua America") and their agents, servants and representatives.

    This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1983, Pennsylvania law and Pennsylvania common law.

**II. JURISDICTION AND VENUE**

    1. The jurisdiction and venue of this Court is invoked in this District pursuant to Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

1

§ 12101 et seq. and 42 U.S.C. § 12117 (a), which incorporates by reference Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000(e) et seq., Title 42 U.S.C. §§ 1983, 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on 42 U.S.C. § 1983, et seq.

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under Pennsylvania law.

3. All conditions precedent to the institution of this suit have been fulfilled. As to the claim pursuant to the ADA, Duffy filed a Complaint Charge of Employment Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the unfair employment practice against the Defendant, which was cross-filed with the Pennsylvania Human Relations Commission. On May 3, 2007 the EEOC issued a Notice of Right to Sue. This action has been filed within ninety (90) days of receipt of said Notice. More than one year has elapsed from the dale of filing with the PHRC.

## III.   **PARTIES**

4. Plaintiff, Michael Duffy, is an adult male citizen and resident of the Commonwealth of Pennsylvania, residing at 2021 E. Cornwall Street, Philadelphia. Duffy was employed by Defendant, Aqua America as a Design Drafter. He was then promoted to the position of Construction/Maintenance Analyst on July 26, 1999.

5. Defendant, Aqua America, is a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania with registered offices and a principle place of business at 762 Lancaster Avenue, Bryn Mawr.

6. Defendant Bill Miller (hereinafter "Miller") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Miller was a Manager employed by Defendant Aqua America. At all times relevant hereto, Defendant Miller was an agent, servant workman and/or employee of Defendant Aqua America, acting and/or failing to act within the scope, course, and authority of his employment and his employer, Defendant Aqua America. At all times relevant, Miller was acting in his supervisory and/or personal capacity.

7. Defendant Shante Childs (hereinafter "Childs") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Childs was a Administrative Supervisor employed by Defendant Aqua America. At all times relevant hereto, Defendant Childs was an agent, servant workman and/or employee of Defendant Aqua America, acting and/or failing to act within the scope, course, and authority of her employment and her employer, Defendant Aqua America. At all times relevant, Childs was acting in her supervisory and/or personal capacity.

8. Defendant Mike Fili (hereinafter "Fili") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Fili was the Construction Superintendent employed by Defendant Aqua America. At all times relevant hereto, Defendant Fili was an agent, servant workman and/or employee of Defendant Aqua America, acting and/or failing to act within the scope, course, and authority of his employment and his employer, Defendant Aqua America. At all times relevant, Fili was acting in his supervisory and/or personal capacity.

9. Defendants Miller, Childs and Fili are hereinafter collectively referred to as "Individual Defendants."

10. At all times relevant herein, Duffy was an "employee" as defined by the Americans With Disabilities Act, 42 U.S.C. § 12111(4), and is subject to the provisions of said Act.

11. At all times relevant herein, Duffy was "disabled" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102 (2), and is subject to the provisions of said Act.

12. At all times relevant herein, Duffy was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

13. At all times relevant herein, Aqua America was an "employer" and "person" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(5)-(7) and is subject to the provisions of said Act.

14. Aqua America has, acting through its agents, servants and representatives, on more than one occasion, met with Duffy and was aware of his disability of anxiety, depression, work related stress and apnea.

15. At all times relevant hereto, Aqua America was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of Aqua America.

16. At all times relevant hereto, Aqua America owned, operated, controlled and managed the facility located at 762 Lancaster Bryn Mawr, Pennsylvania, by and

through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

17. Defendant Aqua America has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has participated in discussions of Plaintiff's disability and requests for an accommodation due to Plaintiff's disability.

## IV. STATEMENT OF CLAIM

18. Plaintiff Michael Duffy was hired by Aqua America on or about February 20, 1996 as a Design Drafter.  He was then promoted to the position of Construction/Maintenance Analyst on July 26, 1999

19. Throughout Duffy's employment from February 20, 1996 through January 4, 2006, when he was fired by Defendant, Duffy maintained satisfactory work and attendance record with Aqua America.

20. On or about April 20, 2004, Plaintiff requested an accommodation of two (2) additional fifteen (15) minute breaks per day.

21. Instead of accommodating the Plaintiff, Defendant gave him duties which were completely physical and which exacerbated his condition.

22. After Plaintiff requested an accommodation Defendant would assign him to tasks that entry-level employees would normally handle.

23. On or about December 2005, Plaintiff contacted the PA Public Utility Commission (PUC) regarding Defendant, Aqua America's built drawings were inadequately completed and of poor quality, and fraudulent accounting procedures.

24. On or about December 21, 2005, Defendant, Aqua America informed Plaintiff that they knew he was the person who had called PUC.

25. On or about January 4, 2006, Plaintiff was terminated.

26. At all times material hereto, an employer has been required by the Americans With Disabilities Act to engage in an interactive process to accommodate a person with an actual or perceived disability.

27. As a direct and proximate result of Aqua America's conduct, Plaintiff has suffered damages due to pain, suffering, mental anguish, fear, anxiety, sleeplessness, humiliation and severe emotional, psychological and physical distress.

28. Plaintiff believes and therefore avers that he was subjected to retaliatory discipline and termination solely or in part motivated by his reports of Aqua America's "as built drawings" being inadequately completed, poor quality and fraudulent accounting procedures.

29. As a direct result of the Defendants' conduct, Plaintiff was deprived of the liberties, freedoms and protection of the laws guaranteed under the United States.

30. As a direct and proximate result of Aqua America's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of past income, benefits and earnings in excess of One Hundred Thousand Dollars ($100,000.00).

31. As a direct and proximate result of Aqua America's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of future income,

benefits, earnings and earnings capacity in excess of One Hundred Thousand Dollars ($100,000.00).

32. As a direct and proximate result of Aqua America's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered mental anxiety, anguish, distress, humiliation, and sleeplessness, which damages exceed One Hundred Thousand Dollars ($100,000.00).

33. Plaintiff seeks back pay, compensatory and other damages set forth herein.

34. Defendant Aqua America's aforesaid actions were outrageous, egregious, preposterous, malicious, intentional, willful, wanton and in reckless disregard of Duffy's rights, entitling Duffy to punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

**COUNT I
PLAINTIFF
vs.
ALL DEFENDANTS
VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER ACT**

35. Paragraphs 1 through 34 inclusive, are incorporated by reference as if fully set forth at length herein.

36. Plaintiff believes and therefore avers that his reporting of misconduct and improper policies and practices motivated Defendants to terminate his employment.

37. In the alternative, Plaintiff believes that he would not have been terminated if he had not reported the aforementioned misconduct and improper policies and

procedures.

38. Plaintiff believes and therefore avers that his termination was in violation of the Pennsylvania Whistleblower Law, 42 Pa.C.S.A. § 1421. et seq.

**COUNT II
MICHAEL DUFFY
V.
AQUA AMERICA, INC.
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

39. Paragraphs 1 through 38 inclusive, are incorporated by reference as if fully set forth at length herein.

40. At all times relevant herein, Duffy was a qualified individual with a disability in that he had a serious medical condition that limits one or more major life activities, including but not limited to thinking, concentrating and working.

41. Plaintiff was able to perform all of the essential functions of the position of a Construction/Maintenance Analyst.

42. By reason of the conduct set forth above, Defendant Aqua America intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the qualified Duffy who had a disability.

43. By its actions and inactions through its agents, servants and representatives, Aqua America created, maintained and permitted to be maintained a work environment which was hostile to persons such as Plaintiff who has a disability.

44. As a direct result of Plaintiff's disability, Defendant terminated Plaintiff's employment.

45. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional,

willful, wanton and in reckless disregard of Duffy's rights, entitling Duffy to punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

**COUNT III**
**MICHAEL DUFFY**
**V.**
**AQUA AMERICA**
**RETALIATION UNDER THE ADA**

46. Paragraphs 1 through 45, inclusive, are incorporated by reference as if fully set forth at length herein.

47. By the acts complained of, Defendant Aqua America has retaliated against Plaintiff for exercising his rights under the Americans with Disabilities Act in violation of the Act.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

**COUNT IV**
**MICHAEL DUFFY**
**V.**
**AQUA AMERICA**
**43 Pa.C.S.A.§951, *et seq*.**

49. Paragraphs 1 through 48 inclusive, are incorporated by reference as if fully set forth at length herein.

50. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

51. As a direct result of the Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of his disability, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT IV**
**MICHAEL DUFFY**
**V.**

AQUA AMERICA
**RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT**

52. Paragraphs 1 through 51 inclusive, are incorporated by reference as if fully set forth at length herein.

53. By the acts complained of, Defendants have retaliated against Plaintiff for exercising his rights under the Pennsylvania Human Relations Act in violation of said act.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

COUNT V
MICHAEL DUFFY
v.
INDIVIDUAL DEFENDANTS
**AIDING AND ABETTING UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT**

55. Paragraphs 1 through 54 inclusive are incorporated by reference as if fully set forth at length herein.

56. The unlawful actions of the individual Defendants acting as aforesaid, constitutes an aiding and abetting violation pursuant to Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act.

57. At all relevant times herein, Defendants knew, or had reason to know of the

actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of Defendants.

58. The individual Defendants, as supervisors, are personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct and sexual discrimination set forth herein.

59. As a direct result of the individual supervisor Defendant's willful and unlawful actions in aiding and abetting in the discrimination set forth herein in violation of Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings and benefits, loss of future earning power, back pay, front pay and interest due thereon.

**STATEMENT OF FACTS JUSTIFYING
THE IMPOSITION OF PUNITIVE DAMAGES**

60. Paragraphs 1 through 59 inclusive, are incorporated by reference as if fully set forth at length herein.

61. At all times relevant hereto, Defendant Aqua America knew or should have known of the pattern of conduct in which the Individual Defendant had engaged and in which they continued to engage.

62. At all times relevant hereto, Defendant Aqua America knew or should have known that the aforesaid pattern of conduct was in violation of law and

Defendant Aqua America's stated policies and terms of employment.

63. Despite such knowledge Defendant Aqua America failed to adequately investigate, discipline or discharges its agents, servants and representatives who created a hostile work environment, harassed and subjected Plaintiff to a hostile work environment.

64. Defendant Aqua America failed and refused to properly protect and support Plaintiff.

65. At all times relevant hereto, Defendant Aqua America acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff.

## V. PRAYER FOR RELIEF

66. Duffy incorporates by reference paragraphs 1 through 65 of his Complaint as though fully set forth at length herein.

WHEREFORE, Duffy respectfully requests the Court to:

a. Exercise jurisdiction over his claim;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award Duffy compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits;

  damages for his mental, psychological and emotional injuries, anguish, humiliation, anxiety, physical and mental pain and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Defendants' discriminatory and unlawful conduct;

d. Award Duffy back pay and compensatory damages;

e. Order Defendants pay to Plaintiff punitive damages, as allowed by law;

f. Award Duffy, his attorneys' fees and costs; and

g. Grant such other relief as the Court deems just and equitable

## JURY DEMAND

Plaintiff, Michael Duffy, demands trial by jury on all issues so triable.

                      HAHALIS & KOUNOUPIS, P.C.

                      By:_____

                      DAVID L. DERATZIAN, ESQUIRE  
                      GEORGE S. KOUNOUPIS, ESQUIRE  
                      20 East Broad Street  
                      Bethlehem, PA  18018  
                      (610) 865-2608  
                      Attorneys for Plaintiff,  
                      Michael Duffy

Date:  June 27, 2007