**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL DUFFY,<br><br>      Plaintiff,<br><br>    v.<br><br>AQUA AMERICA, INC., t/a AQUA PENNSYLVANIA, BILL MILLER, SHANTE CHILDS AND MIKE FILI,<br><br>      Defendants. | Case No. 07-cv-2786 **RB**<br><br>**VIA ECF** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Aqua Pennsylvania, Inc. ("Aqua")[1], William Miller, Shante Childs and Michael Fili (collectively, "Defendants"), by their attorneys, answer the Complaint of Plaintiff Michael Duffy, and set forth their affirmative defenses as follows:

### I. PRELIMINARY STATEMENT

The averments set forth in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that Mr. Duffy was an employee of Aqua Pennsylvania and purports to bring this action against Defendants for damages, declaratory and injunctive relief, attorneys' fees and other relief. Defendants deny all other averments of this Preliminary Statement.

---

[1] Plaintiff has misidentified the corporate defendant as "Aqua America, Inc. t/a Aqua Pennsylvania." In fact, Mr. Duffy was employed by Aqua Pennsylvania, Inc., a subsidiary of Aqua America, Inc. Aqua America is not a proper party to this action.

## II.     JURISDICTION AND VENUE

1.     The averments of paragraph 1 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that Mr. Duffy's claims as pled grant this Court jurisdiction and venue.

2.     The averments of paragraph 2 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that Mr. Duffy's claims as pled grant this Court supplemental jurisdiction.

3.     The averments of paragraph 3 state conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), and that the EEOC issued a Notice of Right to Sue on May 3, 2007.

## III.    PARTIES

4.     Admitted.

5.     The averments of paragraph 5 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 5 are admitted.

6.     The averments of paragraph 6 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 6 are admitted.

7.     The averments of paragraph 7 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 7 are admitted.

8. The averments of paragraph 8 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 8 are admitted.

9. Admitted. By way of further answer, however, Defendants deny that Mr. Miller, Ms. Childs or Mr. Fili are liable in any manner to Mr. Duffy.

10. The averments of paragraph 10 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 10 are admitted.

11. The averments of paragraph 11 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 11 are denied.

12. The averments of paragraph 12 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 12 are denied.

13. The averments of paragraph 13 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 13 are denied.

14. Denied as stated. By way of further answer, Aqua was aware that Plaintiff purported to suffer from anxiety, depression, and stress.

15. The averments of paragraph 15 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 15 are denied.

16. The averments of paragraph 16 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that Aqua owns and operates a facility located at 762 Lancaster Avenue, Bryn Mawr, Pennsylvania.

17. Denied as stated. By way of further answer, various employees of Aqua discussed with Mr. Duffy his purported disability and desires for accommodations.

**IV.     STATEMENT OF CLAIM**

18. Admitted in part; denied in part. It is admitted that Plaintiff became employed by Aqua as a Design Drafter on February 20, 1996 and was awarded the position of Construction Maintenance Analyst in July 1999. The remaining averments of paragraph 18 are denied.

19. Denied.

20. Denied as stated. Rather, in April 2004, Plaintiff requested an accommodation of two fifteen minute breaks per day.

21. Denied.

22. Denied.

23. Defendants are without knowledge or information to form a sufficient response to the averments of paragraph 23 and, therefore, deny the same.

24. Denied.

25. Admitted.

26. The averments of paragraph 26 are conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of paragraph 26 are denied.

27. The averments of paragraph 27 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 27.

28. Denied.

29. The averments of paragraph 29 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 29.

30. The averments of paragraph 30 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 30.

31. The averments of paragraph 31 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 31.

32. The averments of paragraph 32 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 32.

33. Defendants admit that Mr. Duffy seeks damages as enumerated; Defendants deny, however, that Mr. Duffy is entitled to same.

34. The averments of paragraph 34 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 34.

**COUNT I – PLAINTIFF V. ALL DEFENDANTS**
**VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER ACT**

35. Defendants incorporate by reference paragraphs 1 through 34 as if fully set forth at length herein.

36. Denied.

37. Denied.

38. The averments of paragraph 38 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 38.

**COUNT II – PLAINTIFF V. AQUA AMERICA, INC.**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

39. Defendants incorporate by reference paragraphs 1 through 38 as if fully set forth at length herein.

40. The averments of paragraph 40 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 40.

41. Denied.

42. The averments of paragraph 42 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 42.

43. The averments of paragraph 43 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 43.

44. Denied.

45. The averments of paragraph 45 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 45.

### COUNT III – PLAINTIFF V. AQUA AMERICA, INC.
### RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

46. Defendants incorporate by reference paragraphs 1 through 45 as if fully set forth at length herein.

47. Denied.

48. The averments of paragraph 48 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 48.

### COUNT IV – PLAINTIFF V. AQUA AMERICA, INC.
### 43 Pa.C.S.A. §951, *et seq.*

49. Defendants incorporate by reference paragraphs 1 through 48 as if fully set forth at length herein.

50. The averments of paragraph 50 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 50.

51. The averments of paragraph 51 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 51.

## COUNT V – PLAINTIFF V. AQUA AMERICA, INC.
## RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

52. Defendants incorporate by reference paragraphs 1 through 51 as if fully set forth at length herein.

53. Denied.

54. The averments of paragraph 54 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averment of paragraph 54.

## COUNT VI – PLAINTIFF V. INDIVIDUAL DEFENDANTS
## AIDING AND ABETTING UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

55. Defendants incorporate by reference paragraphs 1 through 54 as if fully set forth at length herein.

56. The averments of paragraph 56 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 56.

57. The averments of paragraph 57 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 57.

58. The averments of paragraph 58 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 58.

59. The averments of paragraph 59 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the averments of paragraph 59.

## REPLY TO STATEMENT OF FACTS JUSTIFYING THE IMPOSITION OF PUNITIVE DAMAGES

60.     Defendants incorporate by reference paragraphs 1 through 59 as if fully set forth at length herein.

61.     Denied as stated.  Aqua denies that Mr. Miller, Ms. Childs or Mr. Fili engaged in any conduct or pattern of conduct relative to Mr. Duffy that violated any law or legal proscription.

62.     Denied.

63.     The averments of paragraph 63 are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the averments of paragraph 63.

64.     Denied.

65.     The averments of paragraph 65 are conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendants deny the averments of paragraph 65.

## V.   PRAYER FOR RELIEF

66.     Defendants incorporate by reference paragraphs 1 through 65 as if fully set forth at length herein.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all counts of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to state any basis for asserting compensatory or punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's performance was not satisfactory.

### FIFTH AFFIRMATIVE DEFENSE

The doctrine of after-acquired evidence bars or reduces Plaintiff's claims for relief.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff does not suffer from a qualified disability.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's purported disability was not a consideration in any employment decision.

### NINTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were proximately caused by his own conduct and not the conduct of the Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a *prima facie* case of disability discrimination.

## ELEVENTH AFFIRMATIVE DEFENSE

Aqua Pennsylvania maintains and enforces policies which prohibit unlawful discrimination and provide a mechanism by which employees may seek to redress instances of unlawful discrimination in the workplace. Plaintiff failed to take advantage of such preventative or corrective measures.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

Aqua engaged in the interactive process to attempt to accommodate Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not entitled to a reasonable accommodation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Aqua is not a qualified public employer subject to the Pennsylvania Whistleblower Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief under the Pennsylvania Whistleblower Act fails because any alleged report was not made in good faith.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to make a qualified report of wrongdoing or waste to an appropriate authority.

        Respectfully submitted,

        /s/ Kristine Grady Derewicz
        Kristine Grady Derewicz (PA #60548)
        Jacqueline R. Barrett (PA #92433)
        **LITTLER MENDELSON, P.C.**
        Three Parkway
        1601 Cherry Street, Suite 1400
        Philadelphia, PA  19102.1321

        Attorneys for Defendants
        Aqua Pennsylvania, Inc., William Miller,
        Shante Childs and Michael Fili

Dated: September 13, 2007

**CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to be served electronically upon the following:

David L. Deratzian, Esquire
George S. Kounoupis, Esquire
20 East Broad Street
Bethlehem, PA 18018

Attorneys for Plaintiff Michael Duffy

/s/ Kristine Grady Derewicz
Kristine Grady Derewicz

Dated: September 13, 2007